**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RACHEL NEVILLE, | Case No.: 1:25-cv-14338 |
| Plaintiff, | **Judge Elaine E. Bucklo** |
| v. | **Magistrate Judge Jeffrey T. Gilbert** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff, Rachel Neville ("Plaintiff"), with the agreement and consent of Defendant Nos. 32 posters ONE et al.[1] (collectively, the "Defendants"), respectfully move the Court, pursuant to the Parties' settlement agreement, for entry of the proposed Consent Judgment attached hereto as **Exhibit A**. In support, the Parties state as follows:

The Parties executed a settlement agreement resolving all claims in this action. Under that agreement, Defendants agreed to pay Plaintiff two thousand two hundred fifty dollars ($2,250) (the "Settlement Amount") and to remit the Settlement Amount by July 18, 2026. Defendants did not provide notice that additional time was needed and did not request an extension of that deadline.

Defendants did not remit the Settlement Amount by the July 18, 2026, deadline. Consistent with the Parties' agreement, and with Defendants' consent, the Parties jointly move for entry of the proposed Consent Judgment attached hereto as Exhibit A, which awards the Settlement Amount, enters the agreed permanent injunction, and preserves Plaintiff's right to reasonable

---

[1]"Defendants" include Defendant Nos. 32 posters ONE, 35 Lucy poster design, and 49 ArtNest Studio.

attorneys' fees and costs incurred in enforcing the judgment. This motion is agreed; Defendants consent to entry of the proposed Consent Judgment and do not oppose the relief requested.

Accordingly, the Parties respectfully request that the Court enter the proposed Consent Judgment attached hereto as Exhibit A against Defendants.

DATED: August 4, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 4, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RACHEL NEVILLE,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-14338

**Judge Elaine E. Bucklo**

**Magistrate Judge Jeffrey T. Gilbert**

## CONSENT JUDGMENT

This action having been commenced by Plaintiff RACHEL NEVILLE ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|-----|----------------|------------|
| 32 | posters ONE | 634418219371824 |
| 35 | Lucy poster design | 634418221101884 |
| 49 | ArtNest Studio | 634418222199606 |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offering goods for sale and shipping to the United States, including Illinois, accepting payment in U.S. dollars, and using unauthorized copies of the Rachel Neville Work listed in Exhibit 1 to the Complaint in connection with those sales.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Rachel Neville Work in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rachel Neville product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Rachel Neville Work;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Rachel Neville Work are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Rachel Neville Work and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Rachel Neville Work.

2. Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff two thousand two hundred fifty dollars ($2,250) in damages (the "Damage Amount").

2

3.  Temu LLC ("Temu") is ordered to transfer the Damage Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4.  The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: _____, 2026

_____
Elaine E. Bucklo
United States District Judge

3